**WAGONER COUNTY DISTRICT COURT**
**STATE OF OKLAHOMA**

| | |
|---|---|
| ESTATE OF ELISHA EDWARD KELLEY and HELEN RAYE KELLEY, as next of kin to ELISHA EDWARD KELLEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WAGONER *ex rel.* WAGONER POLICE DEPARTMENT; and BUDDY ROSE, individually and in his official capacity,<br><br>Defendants. | Case No. CJ-2020-0169<br><br>ATTORNEY LIEN CLAIMED |

## PETITION

The Estate of Elisha Edward Kelley ("Estate"), along with Helen Kelley ("Widow," collectively "Plaintiffs"), next of kin to Elisha Edward Kelley ("Kelley" or "Decedent"), for their action against the City of Wagoner ("City"), the Wagoner Police Department ("WPD"), and Officer Buddy Rose ("Rose," collectively "Defendants"), hereby allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This action arises under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*; 42 U.S.C. § 1983; U.S. Const., Amend. IV & XIV; Okla. Const, Art. 2 § 30; OKLA. STAT. tit. 12 § 1053, and the common law of the State of Oklahoma.

2. Plaintiff Helen Kelley is the widow of Elisha Kelley, now deceased, and a resident of the City of Wagoner, Wagoner County, State of Oklahoma.

3. Defendant City of Wagoner is a municipal corporation and a governmental entity subject to the provisions of the Oklahoma Governmental Tort Claims Act, ("GTCA") with its principal place of business located in Wagoner County, State of Oklahoma.

4. The GTCA does not immunize or exempt City from being named as a defendant in a lawsuit brought under the GTCA involving allegations of excessive force.

5. Defendant Wagoner Police Department is a subordinate department of the City of Wagoner County, with its principal place of business located in the City of Wagoner, Wagoner County, State of Oklahoma.

6. The GTCA does not immunize or exempt WPD from being named as a defendant in a lawsuit brought under the GTCA involving allegations of excessive force.

7. Upon information and belief, Defendant Buddy Rose is a resident of Wagoner County, Oklahoma.

8. At all times material hereto, Rose was employed by WPD as a police officer.

9. Upon information and belief, at all times material hereto, Rose was acting within the scope of his employment as a police officer with WPD.

10. Alternatively, the acts described hereinbelow in which Rose engaged arose out of an emotional response to actions being taken for his employer.

11. On or about October 14, 2019, and pursuant to 51 O.S. § 156, Plaintiffs timely filed a Notice of Claim within one year of the date on which the loss occurred (*i.e.*, approximately November 11, 2018), serving copies of the same on the office of the clerk for the City of Wagoner and the Wagoner Police Department.

12. The above-referenced entities neither approved the claim in part or in its entirety within ninety (90) days of being served with the Notice of Claim, nor expressly denied the claim at any time before the expiration of that period.

13. Pursuant to 51 O.S. § 157(B), Plaintiffs have commenced the above-styled action prior to the expiration of the one hundred eighty (180) day period following the constructive denial of their claim.

14. Hence, having satisfied the pre-filing requirements of the GTCA, Plaintiffs have exhausted all necessary administrative remedies prior to their filing of the above-styled action.

15. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 12 O.S. § 2004(F), as well as the specific holding in *Coffman v. Wilson Police Dept.*, 739 F.Supp. 257 (E.D.Pa. 1990), and the general holding in *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566 (1990), that state courts have concurrent jurisdiction with federal courts over constitutional claims arising under 42 U.S.C. § 1983.

16. The venue of this action properly lies in Wagoner County District Court pursuant to OKLA. STAT. tit. 12 §§ 133 & 134.

## FACTS

17. On or about November 11, 2018, Elisha Kelley, with his passenger and son, James Langley, were traveling on Cherokee Street in Wagoner County, Oklahoma.

18. Kelley began driving erratically and an officer on duty, Buddy Rose, attempted to make a traffic stop.

19. Rose's pursuit of Kelly eventually ended in Kelley's vehicle striking a parked car and cement barrier.

20. After his vehicle came to a rest, Kelley exited the vehicle and came into contact with Rose.

21. During the encounter, Kelly engaged in speech and behavior consistent with mental illness.

22. Rose knew, or should have known, that Kelly's speech and/or behavior strongly indicated that Kelly was suffering from mental illness.

23. Rose did not temper his use of force or take any other precautionary measures that should be observed when arresting an individual suspected of having a mental illness.

24. The encounter between Kelly and Rose concluded with Rose shooting and killing Kelley.

### FIRST CAUSE OF ACTION:
### UNLAWFUL USE OF EXCESSIVE FORCE
### OKLA. STAT. tit. § 151 *et seq.*

For their First Cause of Action, Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, and further state:

25. Rose's use of deadly force was not warranted or authorized under the circumstances with which he was confronted.

26. The use of deadly force on Kelly was not a good faith effort by Rose to restrain Kelly or otherwise to maintain control.

27. One or more non-deadly means of subduing Kelly were available to Rose.

28. Rose should have known that the excessive physical force used against Kelly would result in Kelly suffering serious harm or death.

29. At the time Rose used excessive physical force on Kelly, there was no need for the application of such force.

30. Rose made no effort to temper the severity of a forceful response.

31. Kelly unnecessarily suffered pain and death as a result of the force used by Rose.

32. In using force against Kelly as set forth above, Rose was acting under color of state law in furtherance of assigned duties.

33. The acts by Rose were incidental to some service being performed for his employer.

34. Alternatively, the acts by Rose arose out of an emotional response to actions being taken for his employer.

35. In using deadly force on Kelly, Rose was purportedly engaged in the activity of providing police protection.

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendants for all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case. Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

## SECOND CAUSE OF ACTION:
### FAILURE TO ADEQUATELY TRAIN, SUPERVISE, AND/OR CONTROL POLICE PERSONNEL -- DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
### 42 U.S.C. § 1983

For their Second Cause of Action, Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, and further state upon information and belief:

36. Rose exceeded constitutional limitations on the use of force against Kelly.

37. The above-referenced use of force arose under circumstances that constitute one of the usual and recurring situations with which police officers and law enforcement personnel must deal.

38. Defendants City and WPD failed to exercise reasonable care in training their law enforcement personnel regarding excessive force.

39. Defendants City and WPD's failure to train its law enforcement personnel regarding excessive force amounts to deliberate indifference to the rights of persons with whom its untrained law enforcement personnel come into contact.

40. Defendants City and WPD failed to exercise reasonable care in training their law enforcement personnel regarding excessive force.

41. Defendants City and WPD's failure to train their law enforcement personnel regarding excessive force amounts to deliberate indifference to the rights of persons with whom their untrained law enforcement personnel come into contact.

42. Upon information and belief, Defendant Rose's supervisor(s) had contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents.

43. There is a direct and causal link between the pain and death unnecessarily suffered by Kelly and the failure to adequately train law enforcement personnel, including as alleged above.

44. There is a direct and causal link between the pain and death unnecessarily suffered by Kelly and the failure to adequately supervise law enforcement personnel, including as alleged above.

45. Upon information and belief, there exists a pattern of similar constitutional violations by the untrained and/or unsupervised law enforcement personnel of Defendants City and WPD.

46. Defendants City and WPD had actual and/or constructive notice that actions and/or failures to act, as described herein, were substantially certain to result in a constitutional violation.

47. Nevertheless, Defendants City and WPD consciously or deliberately chose to disregard the risk of harm.

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendants for

all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case. Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

### THIRD CAUSE OF ACTION:
### UNLAWFUL USE OF EXCESSIVE FORCE
### U.S. CONST., AMEND. IV

For their Third Cause of Action, Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, and further state:

48. Defendant Rose's use of force on Kellyt was not a good faith effort to restrain Kelly or otherwise to maintain control.

49. Additionally or alternatively, Rose's use of force on Kelly was done maliciously, sadistically, and/or or the very purpose of causing harm to Kelly.

50. Rose knew or should have known that the excessive physical force used against Kelly would result in Kelly suffering serious harm or death.

51. At the time Rose used deadly physical force on Kelly, there was no need for the application of such force.

52. At the time Rose used deadly physical force on Kelly, Rose did not reasonably perceive Kelly as posing some threat warranting the application of force.

53. Rose made no effort to use non-deadly means of subduing Kelly and/or gaining compliance.

54. Kelly unnecessarily suffered pain and death as a direct and proximate result of the force used by Rose.

55. In using force against Kelly as set forth above, Rose was acting under color of state law.

56. The acts by Rose were incidental to some service being performed for his employer.

57. Alternatively, the acts by Rose arose out of an emotional response to actions being taken for his employer.

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendants for all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case. Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF SUBSTANTIVE DUE PROCESS --
### DEATH RESULTING FROM DELIBERATE OR RECKLESS INDIFFERENCE
### U.S. CONST., AMEND. XIV

For their Fourth Cause of Action, Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, and further state:

58. The manner and/or degree of physical force used by Rose was highly likely to result in the death of Kelly.

59. Under the circumstances, Rose knew or should have known that non-deadly means of subduing Kelly were available to Rose and could have been utilized.

60. Due process imposed on Rose the obligation not to act with deliberate or reckless

indifference regarding the use of force likely to bring about Kelly's death.

61. Nevertheless, Rose acted with deliberate or reckless indifference to Kelly by utilizing deadly force before attempting any available non-deadly compliance techniques.

62. In acting with deliberate or reckless indifference to Kelly, Rose failed to meet the due process obligations imposed on him by the U.S. Constitution.

63. The unnecessary pain and death suffered by Kelly was a direct and proximate result of the Rose's deliberate or reckless indifference to Kelly.

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendants for all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case. Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

### FIFTH CAUSE OF ACTION:
### WRONGFUL DEATH
### OKLA. STAT. tit. 12 § 1053

For their Fifth Cause of Action, Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, and further state:

64. Defendants owed a duty of care to Kelly and Widow.

65. Defendants breached their duty of care to Kelly and Widow.

66. Kelly's Decedent's death was proximately caused by Defendants' breach of duty.

67. The force used by Rose and permitted by City and WPD (or otherwise resulting from their

failure to adequately train and/or supervise their law enforcement personnel) was excessive under the circumstances.

68. The force used by Rose and permitted by City and WPD (or otherwise resulting from their failure to adequately train and/or supervise their law enforcement personnel) proximately resulted in the death of Kelly.

69. Kelly's life had economic value.

70. Kelly experienced pain and suffering as a direct result of Defendants' breach of duty.

71. Defendants' breach of duty resulted in economic loss to Kelly's estate.

72. Kelly's surviving spouse and offspring suffered pecuniary and non-economic losses as a result of Defendants' breach of duty.

73. Pursuant to OKLA. STAT. tit. 12 § 1053, Plaintiffs are entitled to recover the following damages from Defendants:

   (a) Medical and burial expenses associated with Kelly's death;

   (b) The grief and loss of consortium suffered by Kelly's surviving spouse;

   (c) The mental pain and anguish suffered by Kelly;

   (d) The pecuniary loss to Kelly's surviving spouse and offspring;

   (e) The grief and loss of companionship of Kelly's parents and/or offspring.

74. Rose breached his duty of care in a manner amounting to bad faith, gross negligence, recklessness, deliberate indifference, an intent to harm, and/or willful and wanton misconduct.

75. Pursuant to OKLA. STAT. tit. 12 § 1053(C), Plaintiffs are entitled to recover punitive damages from Rose.

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendants for

all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case. Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

### SIXTH CAUSE OF ACTION:
### LOSS OF CONSORTIUM

For the Sixth Cause of Action, Widow re-alleges and incorporates by reference all of the foregoing paragraphs, and further states:

76. Widow shared a sufficiently close relationship with Kelly, including in terms of their mutual dependence upon one another, their common contributions to a life together, being members of the same household, the extent and quality of their shared experiences, emotional reliance on one another, the manner in which they related to each other in attending to life's mundane requirements.

77. It was foreseeable to Defendants that the harm inflicted upon Kelly would damage the relationship between Kelly and Widow.

78. As such, Defendants owed a duty of care to Widow.

79. The acts and/or omissions by Defendants have given rise to a claim for damages by Widowh, including, without limitation, damages for loss of financial support from decedent's earnings and other income (both past and future), loss of spousal advice and guidance (both past and future), loss of companionship (both past and future), lost happiness and enjoyment of life, lost benefits of co-parenting, mental and emotional anguish and grief (both past and future), mental distress resulting from witnessing death of

Kelly, and other pecuniary and non-economic losses.

80. The acts and/or omissions of Rose were willful, wanton, malicious and/or in total disregard for Widow's rights, giving rise to punitive damages.

**WHEREFORE**, premises considered, Widow prays for judgment against Defendants for all available pecuniary and non-economic damages, as well as punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiff anticipates will be presented in this case. Widow also prays for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Widow may be entitled and/or that the Court deems just and proper.

**Respectfully submitted:**

**CAMP LAW FIRM**

By: *Christopher L. Camp*
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma 74133
Telephone: (918) 200-4871
Facsimile: (918) 550-8337
E-mail: camplawfirm@gmail.com

**GARRETT LAW**

By: /s/
D. Mitchell Garrett, OBA # 20704
320 South Boston Avenue, Suite 825-G
Tulsa, Oklahoma 74103
Telephone: (918) 221-6190
Facsimile: (918) 340-6799
E-mail: mitchell@garrettlawcenter.com

**Attorneys for Plaintiff**